**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ABE ROBINSON, JR.,**

                         **Petitioner,**

    **vs.**                                        **9:13-CV-839
                                                             (MAD/TWD)**

**TIM F. SHEEHAN,**

                         **Respondent.**

_____

**APPEARANCES:**                               **OF COUNSEL:**

**ABE ROBINSON, JR.**
305 Beaver Dam Road
Selkirk, New York 12158
Petitioner *pro se*

**OFFICE OF THE NEW YORK**         **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner filed his habeas corpus petition on July 7, 2013, challenging his 1991 conviction for depraved indifference murder (Murder in the Second Degree, N.Y. Penal Law § 125.25). *See* Dkt. No. 1. In his petition, Petitioner raised the following grounds for relief: (1) the evidence was insufficient to support the intent element of second degree murder; (2) the trial court erroneously denied a motion to suppress the evidence; (3) the sentence was harsh and excessive; and (4) he is actually innocent because no evidence of intent to kill was presented at trial and, based on the evidence presented, he was guilty of second degree manslaughter. *See id.*

In a Decision and Order dated September 18, 2013, the Court noted that the petition appeared untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and directed Petitioner to file a written affirmation explaining why the statute of limitations should not bar his petition. *See* Dkt. No. 4. Further, the Court instructed Petitioner that, if he "is asking that the Court equitably toll the limitations period, he must set forth the facts establishing a basis for the application of equitable tolling as set forth in [the] Decision and Order." *Id.* at 5. Upon receipt of Petitioner's affidavit, the Court directed Respondent to file a response. *See* Dkt. No. 6.

In an April 20, 2016 Report-Recommendation, Magistrate Judge Dancks found that the petition was time-barred under the AEDPA and that Petitioner failed to present any credible new evidence in support of his actual innocence gateway claim as required under *McQuiggan v. Perkins*, 133 S. Ct. 1924 (2013). *See* Dkt. No. 16. As such, Magistrate Judge Dancks recommended that the Court deny and dismiss the petition for a writ of habeas corpus. *See id.* Currently before the Court is Magistrate Judge Dancks' April 20, 2016 Report-Recommendation, to which Petitioner has objected. *See* Dkt. No. 19.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

2

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

One of the most significant changes to a prisoner's litigation landscape that was brought about by Congress' enactment of the AEDPA was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010) (citing *Duncan*, 533 U.S. at 179).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision

> balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to properly filed application[s] . . . .

*Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled, however, that this savings provision only tolls the statute of limitations during the

4

pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, *4 (N.D.N.Y. May 6, 2010) (citation omitted).

Even if a petitioner's action would otherwise be time barred by the AEDPA, a petitioner's claims can be heard on the merits if the petitioner is entitled to equitable tolling. A court may only equitably toll a petitioner's claim in "rare and exceptional circumstances," *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004), and the petitioner must establish that "he has been pursuing his rights diligently and . . . that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *see also Menefee*, 391 F.3d at 159 ("To qualify for [equitable tolling], the petitioner must establish that 'extraordinary circumstances prevented him from filing his petition on time'"). The petitioner also carries the burden of proving a causal connection between the extraordinary circumstances and the late filing. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or . . . expiration of the statute of limitations." *McQuiggin*, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In the present matter, the Court first notes that, although Petitioner filed "objections" to Magistrate Judge Dancks' Report-Recommendation, they are entirely conclusory and do not warrant *de novo* review. *See* Dkt. No. 19. In his "objections," Petitioner simply provided the Court with a copy of the Report-Recommendation and indicated which portions of the factual

background provided are "lie[s]" or "never happen[ed]." *Id.* at 9-11, 13-15, 17. Such conclusory allegations, unsupported by any arguments or citation to the record, are insufficient to trigger *de novo* review.

Even if the Court were to engage in *de novo* review, the Court would nevertheless adopt Magistrate Judge Dancks' Report-Recommendation and dismiss the petition. Petitioner's conviction became final on November 28, 1994, ninety days after the Court of Appeals denied his application for leave to appeal on August 29, 1994. *See People v. Robinson*, 84 N.Y.2d 831 (1994). Since Petitioner's habeas claims accrued prior to the 1996 effective date of the AEDPA, he was afforded a one-year grace period until April 24, 1997, to file a timely habeas appeal. Petitioner's time to file a habeas petition under the grace period had long since expired when he filed his two motions under sections 440.10 and 440.20 of the New York Criminal Procedure Law ("CPL") in 2003, and the filing of those motions did not reset the date from which the statute of limitations began to run. *See* Dkt. No. 10 at 200-219, 224-233; *see also Smith v. McGinnis*, 208 F.3d at 17. As such, the section 440 motions had no impact on the April 24, 1997 expiration of Petitioner's time to file his habeas petition.

Further, Magistrate Judge Dancks correctly determined that Petitioner's actual innocence claim does not support an equitable exception under *McQuiggan* that would provide a gateway for his to raise the insufficiency of the evidence, erroneous suppression of evidence, and excessive sentence claims in the petition. A petitioner's claim of actual innocence must be both "credible" and "compelling," and in order for such a claim to be found "credible," it must be supported by "new reliable evidence" that was not presented at trial. *See Schlup*, 513 U.S. at 324. As Magistrate Judge Dancks noted, Petitioner failed to support any new evidence in support of his equitable exception claim. In fact, in his affidavit filed in this matter, Petitioner relies almost

6

entirely on his testimony at trial.  *See* Dkt. No. 5 at 4-6.  Further, his arguments in the affidavit are taken largely verbatim from materials submitted in support of his direct appeal.  *See id.* at 3-6; Dkt. No. 10 at 8-10.  As such, the Court finds that Petitioner has failed to present any credible new evidence in support of his actual innocence gateway claim as required under *McGuiggan*.

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' April 20, 2016 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**CERTIFIES** that any appeal from the dismissal of this action would not be taken in good faith.

**IT IS SO ORDERED.**

Dated: July 27, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge